Michael S. Agruss
SBN: 259567
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
HILLARY WIRICK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| HILLARY WIRICK, | ) |
| Plaintiff, | ) **Case No.:** |
| v. | ) |
| SUMMIT RECEIVABLES, | ) **PLAINTIFF'S COMPLAINT** |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, HILLARY WIRICK ("Plaintiff"), through her attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, SUMMIT RECEIVABLES ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. ("RFDCPA").

1

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

6. Plaintiff is a natural person residing in Plumas Lake, Yuba County, California.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

8. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153 (10).

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c).

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency located in Henderson, Nevada.

13. Defendant is a business entity engaged in the collection of debt within the State of California.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

16. The principal purpose of Defendant's business is the collection of debts allegedly owed to third

parties.

17. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendant is attempting to collect an alleged debt from Plaintiff.

21. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

22. In or around April, 2017, Defendant began placing collection calls to Plaintiff at Plaintiff's place of employment at 916-319-xxxx, and on Plaintiff's cellular telephone number at 916-671-xxxx.

23. Defendant was calling Plaintiff from 916-414-9939, which is one of Defendant's numbers.

24. On or about April 27, 2017, Plaintiff requested Defendant stop calling her place of employment.

25. Despite this request, Defendant continued to call Plaintiff at her place of employment.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

26. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692c(a)(1) of the FDCPA by communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or

      place known or which should be known to be inconvenient to the consumer, when Defendant continued to place collection calls to Plaintiff's place of employment after Plaintiff requested Defendant stop calling Plaintiff at her place of employment;

  b. Defendant violated §1692c(a)(3) of the FDCPA by communicating with a consumer in connection with the collection of any debt at the consumer's place of employment if the debt collector knows or has or has reason to know that the consumer's employer prohibits the consumer from receiving such communication, when Defendant continued to place collection calls to Plaintiff's place of employment after Plaintiff requested Defendant stop calling Plaintiff at her place of employment;

  c. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant continued to place collection calls to Plaintiff after Plaintiff requested Defendant stop calling her at her place of employment; and

  a. Defendant violated §1692d(5) of the FDCPA by causing the telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass any person when Defendant continued to place collection calls to Plaintiff after Plaintiff requested Defendant stop calling her at her place of employment.

WHEREFORE, Plaintiff, HILLARY WIRICK, respectfully requests judgment be entered against Defendant, SUMMIT RECEIVABLES, for the following:

27. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

28. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

29. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats and re-alleges paragraphs 1-25 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

31. Defendant violated the RFDCPA based on the following:

    a. Defendant violated the §1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested Defendant stop calling her at her place of employment; and

    b. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

WHEREFORE, Plaintiff, HILLARY WIRICK, respectfully requests judgment be entered against Defendant, SUMMIT RECEIVABLES, for the following:

32. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

33. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

34. Any other relief that this Honorable Court deems appropriate.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RESPECTFULLY SUBMITTED,

DATED:  July 24, 2017              AGRUSS LAW FIRM, LLC


By: /s/  Michael S. Agruss
    Michael S. Agruss
    Attorney for Plaintiff
    HILLARY WIRICK